### ZILLIAN BLANCHETTE v. THE STATE.

*No. 7089.    Decided June 25.*

1.  **Special Judge—Transcript.**—The failure of the transcript on appeal to show the election or appointment and qualification of the special judge who tried the case below operates, as a matter of course, to reverse the conviction.

2. **Incest—Accomplice Testimony.**—This conviction rests solely upon the testimony of the alleged injured female, who was the niece of the defendant. Her own testimony showing that she knowingly, willingly, and voluntarily united with the defendant in the commission of the carnal act, established her status as an accomplice, and was insufficient, in the absence of corroborating evidence, to authorize conviction. The trial judge erred in refusing to award the defendant a new trial.

APPEAL from the District Court of Jefferson. Tried below before A. C. Bullitt, Esq., Special Judge.

This conviction was for the crime of incest with Lenora Blanchette, the defendant's niece, and the penalty assessed was a term of two years in the penitentiary.

The carnal act was proved by the testimony of the alleged injured female alone, without other corroborating proof. She stated, in substance, that on the night alleged in the indictment the defendant asked her to let him "bang her" and that she "let him do it." She further explained that by "bang" she meant the carnal act.

*G. W. O'Brien,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WILLSON, JUDGE.—It appears from the record that this cause was tried before a special judge, but the record fails to show the election or appointment and qualification of said judge. This being the state of the record the conviction could not be permitted to stand, even if in all other respects it was legal. Willson's Crim. Stat., sec. 2194.

In the commission of the crime of incest the female is equally guilty with the man, if she knowingly, voluntarily, and with the same intent actuating him, unites with him in its commission. In such case if she testifies against him in a prosecution for the crime she is an accomplice witness, and a conviction upon her uncorroborated testimony can not be maintained. Mercer v. The State, 17 Texas Ct. App., 452; Dodson v. The State, 24 Texas Ct. App., 514.

In this case the conviction rests solely upon the uncorroborated testimony of the female with whom the incestuous intercourse is alleged to have been committed. Her testimony shows clearly and conclusively that if the crime was in fact committed she was equally guilty with the defendant in its commission, and her testimony, therefore, was that of an accomplice, and being wholly uncorroborated the conviction is unwarranted and illegal. The trial judge should have set aside the verdict, and thereby obviated the delay, trouble, and expense incurred by this appeal, and also relieved the defendant perhaps from an imprisonment which the

law, considering the character of the evidence, does not sanction.   The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Judges all present and concurring.